U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 15 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **VLAD KASIE RIEK (#21333-078)** | DOCKET NO. 15-CV-2852; SEC. P |
| **VERSUS** | JUDGE TRIMBLE |
| **WARDEN** | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Vlad Kasie Riek. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his federal sentence by the Bureau of Prisons ("BOP"), and he seeks a nunc pro tunc designation[1].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural Background*

Petitioner was arrested by Texas authorities on February 2, 2013, for discharging a firearm. (Doc. 1, p.11). On February 13, 2013, Petitioner was released on bond. On February 19, 2013,

---

[1] The Latin phrase nunc pro tunc describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect – a Latin term meaning literally, "now for then." An act nunc pro tunc is an "entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake." Barden v. Keohane, 921 F.2d 476, 477 (3rd Cir. 1990).

Petitioner was arrested by Texas authorities for burglary. (Doc. 1, p.11).

On June 19, 2013, while in state custody, Petitioner was "borrowed" by federal authorities pursuant to a writ of habeas corpus ad prosequendum. While in "borrowed" federal custody in the Eastern District of Texas, Petitioner was convicted of violations of 18 USC §§ 922(g) & 924(a)(2), Prohibited Person in Possession of Firearms, and 18 USC §§ 922(j) & 924(a)(2), Possession of Stolen Firearms. See U.S. v. Riek, No. 4:13-cr-00145 (E.D. Tex. July 17, 2014). Petitioner was sentenced to 71 months of imprisonment. See id. On July 24, 2014, Petitioner was returned to state custody with the federal judgment lodged as a detainer. (Doc. 1, p.11).

On October 30, 2014, Petitioner was sentenced in Texas state court to four years of imprisonment. On January 6, 2015, Petitioner was paroled from his state sentence to the federal detainer to commence service of the federal sentence as provided by 18 U.S.C. § 3585(a). (Doc. 1, p.11).

Petitioner filed an administrative grievance seeking nunc pro tunc designation. After consideration by the BOP, Petitioner's request for designation was denied. (Doc. 1, p.11).

### Law and Analysis

Petitioner asks for federal credit for the time served on his state sentence. The authority to grant or deny credit for time served, or a nunc pro tunc designation, is specifically reserved to

2

the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

The method for computing a federal prisoner's sentence by the BOP is found at 18 U.S.C. § 3585. However, only the Attorney General through the BOP, and not the sentencing court, is authorized to calculate credit for time spent in official detention under § 3585. See United States v. Wilson, 503 U.S. 329, 335 (1992).

A defendant is entitled to credit for time spent in official detention prior to being received in federal custody *if that prior time has not been credited toward another sentence*. 18 U.S.C. § 3585(b) (emphasis added). Records show that the time spent in the primary custody of the State of Texas was credited against Petitioner's state sentence. (Doc. 1, p.11). Thus, Petitioner is not entitled to credit against his federal sentence for custodial time prior to the commencement of his federal sentence on January 6, 2015.

Additionally, the Fifth Circuit has declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they

3

run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (emphasis added). In this case, the district court did not order that the federal sentence run concurrent to the future state sentence. Thus, because the judgment was silent, the sentences are presumed consecutive.

Furthermore, the BOP evaluated Petitioner's request for nunc pro tunc designation using the factors articulated in 18 U.S.C. § 3621(b), and determined that nunc pro tunc designation was not consistent with the goals of the criminal justice system. (Doc. 1, p.11-12). The BOP contacted the federal sentencing court, which issued a letter stating that the court's intention was for the federal sentence to run consecutive to the state sentence. (Doc. 1, p.12). Thus, there is no indication that the Bureau acted outside of its discretion in denying a nunc pro tunc designation.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the habeas petition be **DENIED and DISMISSED** with prejudice.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as**

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge